# EXHIBIT A

*State Court Pleadings*

STATE OF SOUTH CAROLINA )

COUNTY OF FLORENCE )

)                 IN THE COURT OF COMMON PLEAS

JEROME C. NEWKIRK, SR. )

)                 CIVIL ACTION COVERSHEET
Plaintiff(s) )
)                 2013-CP - 21- 1076

vs. )

JAMES B. ENZOR, individually and as an )
employee and agent of the South Carolina )
Department of Public Safety; SOUTH CAROLINA )
DEPARTMENT OF PUBLIC SAFETY, )
                                        Defendant(s) )

| (Please Print) | | |
|---|---|---|
| Submitted By: James T. McBratney, Jr. | SC Bar #: | 3716 |
| Address: P.O. Box 3890 | Telephone #: | 843-662-8155 |
| Florence, SC 29502 | Fax #: | 843-662-1144 |
| | Other: | |
| | E-mail: | james@mcbratneylawfirmpa.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.          ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) | ☐ Other (499) |
| | | Civil Rights | |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Administrative Law Judge (980) |
| Special/Complex /Other | | | ☐ Public Service Commission (990) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | CERTIFIED: A TRUE COPY |
| ☐ Other (699) | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____

CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.
Date _____

SCCA / 234 (03/09)                                                        Page 1 of 3

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:  **You must comply with the Supreme Court Rules regarding ADR.**
              **Failure to do so may affect your case or may result in sanctions.**

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE | ) | CASE NO.: 2013-CP-21- |
| | ) | |
| Jerome C. Newkirk, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| v. | ) | **(Jury Trial Demanded)** |
| | ) | |
| James B. Enzor, individually and as an | ) | |
| employee and agent of the South Carolina | ) | |
| Department of Public Safety; South Carolina | ) | |
| Department of Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office at 300 Rainbow Drive, Suite 207, Executive Park, Florence, South Carolina 29502, within thirty (30) days {thirty-five (35) days if served by certified mail} after the service hereof, exclusive of the day of such service and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Dated at Florence, South Carolina, this _23_ day of _April_, 2013

_James T. McBratney, Jr._
James T. McBratney, Jr.
J. Thomas McBratney, III
Attorneys for the Plaintiff
MCBRATNEY LAW FIRM, P.A.
PO Box 3890
Florence, South Carolina 29502
(843) 662-8155

Florence, South Carolina

April _23_ 2013

CERTIFIED: A TRUE COPY

_Connie Bpols Shearin_

CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

STATE OF SOUTH CAROLINA     )    IN THE COURT OF COMMON PLEAS
                              )    TWELFTH JUDICIAL CIRCUIT
COUNTY OF FLORENCE          )    CASE NO.: 2013-CP-21- 1076

Jerome C. Newkirk, Sr.,         )
                              )
           Plaintiff,       )
                              )            **COMPLAINT**
     v.                   )      **(Jury Trial Demanded)**
                              )
James B. Enzor, individually and as an  )
employee and agent of the South Carolina  )
Department of Public Safety; South Carolina)
Department of Public Safety,       )
                              )
          Defendants.     )
_____)

      Comes now the Plaintiff, Jerome C. Newkirk, Sr., and files this Complaint for damages against the Defendants named above, showing the court as follows:

### PARTIES

1.     Plaintiff, Jerome C. Newkirk, Sr., hereinafter "Plaintiff" or "Newkirk", is, and was at all times relevant herein a resident of Duplin County, North Carolina.

2.     Upon information and belief, Defendant, James B. Enzor, hereinafter "Enzor", is and at all times relevant herein was a resident of Florence County, South Carolina. At all times relevant to this action, Defendant Enzor was a duly appointed and acting officer of the South Carolina Highway Patrol employed by the Defendant, South Carolina Department of Public Safety. As such, Defendant was a duly appointed agent authorized to enforce the laws of the State of South Carolina, and was so acting under the color of the law of South Carolina at all times relevant herein.



CERTIFIED: A TRUE COPY

Connie Hal Shooter

CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

3.     Defendant, South Carolina Department of Public Safety, hereinafter "Department of Public Safety" is an agency of the State of South Carolina within the meaning of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-30.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter based on Article V of the South Carolina Constitution and S.C. Code Ann. § 15-77-50.

5.     Venue is appropriate in Florence, South Carolina as a substantial portion of the conduct alleged herein took place in Florence County, South Carolina.

6.     On or about October 14, 2012, the Plaintiff was a passenger in a 2009 black Cadillac Escalade driven by his wife, Catherine B. Newkirk, traveling north on a public highway known as Interstate 95 at or near the City of Florence, South Carolina.

7.     As Plaintiff and his wife traveled in the northbound lane of I-95, they travelled through a construction zone area and were in a line of three or four other vehicles all travelling at the same rate of speed when they noticed that they were being followed by a South Carolina Highway Patrol automobile with its blue lights activated.

8.     In response to the patrol vehicle's blue lights, the Plaintiff's wife pulled over to the safety lane of I-95.

9.     Defendant Enzor approached the Plaintiff's vehicle on the passenger's side, and requested the Plaintiff's wife's driver license and registration information. Defendant Enzor returned to his vehicle and then shortly thereafter returned to the Plaintiff's vehicle and advised his wife that she was traveling at 77 mph in a 55 mph zone and that he was going to ticket her for speeding. After being handed the ticket, Plaintiff's wife stated to Defendant Enzor that she felt

she was the subject of discrimination whereupon Defendant Enzor snatched the ticket from the Plaintiff's wife and commanded that she exit the vehicle.

10. The Plaintiff's wife complied with the officer's command and exited the vehicle but as the Plaintiff approached the rear of the vehicle, Defendant Enzor began pointing his finger and shouting at the Plaintiff's wife in a loud, abusive, and discourteous manner. He grabbed the Plaintiff's wife then advised her that she was under arrest and proceeded to manhandle her, placing her in handcuffs.

11. As this confrontation between the Plaintiff's wife and Defendant Enzor was occurring, the Plaintiff exited the vehicle, and walked to the rear of the vehicle to inquire about the events taking place. The Plaintiff stated to Defendant Enzor that his actions were not necessary.

12. Defendant Enzor commanded the Plaintiff to return to the vehicle and advised that he was under arrest also.

13. Plaintiff complied with Trooper Enzor's commands and returned to his vehicle. Plaintiff was then placed under arrest.

14. Defendant Enzor conducted an unlawful arrest of the Plaintiff, in violation of 42 U.S.C.A. § 1983. As a result, Plaintiff has suffered injuries and damages, including, but not limited to, medical and other expenses, mental anguish, emotional distress, humiliation, deprivation of his freedom, and attorney's fees.

15. Following initial reports of Defendant Enzor's conduct, the S.C. Department of Public Safety conducted an internal investigation of the traffic stop and arrest of the Plaintiff. The internal investigation found that the arrest of Plaintiff was unlawful. Accordingly, Defendant Enzor was disciplined by receiving a demotion in rank.

## FOR A FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C.A. § 1983 as to Defendant James B. Enzor)

16.     Plaintiff re-alleges paragraphs 1-15 as if restated herein verbatim.

17.     The above described actions subjected Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States, including the right to be free from unlawful arrest under the 4th, 5th, and 14th Amendments.

18.     Plaintiff's arrest was made under the color of law as Defendant Enzor was acting pursuant to his duties as a law enforcement officer for the South Carolina Highway Patrol and an employee and agent of the South Carolina Department of Public Safety.

19.     As a direct and proximate result of the above mentioned unconstitutional acts of Defendant Enzor, Plaintiff's civil rights were violated and he has suffered physical injuries and damages, including, but not limited to, medical and other expenses, mental anguish, emotional distress, humiliation, deprivation of his freedom, and attorney's fees.

20.     Plaintiff is entitled to compensatory damages, attorney's fees, and cost in an amount to be determined by the trier of fact and punitive damages in an amount sufficient to deter similar conduct by this Defendant and others.

## FOR A SECOND CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness as to Defendant South Carolina Department of Public Safety)

21.     Plaintiff re-alleges paragraphs 1-20 as if stated herein verbatim.

22.     Defendant Enzor owed a duty of reasonable care to Plaintiff and was negligent, grossly negligent, reckless, willful, and or wanton in the discharge of his duties.

4

23.     During and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety, Defendant Enzor breached the applicable duty of care by his unlawful arrest of the Plaintiff.

24.     Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor.

25.     As a direct and proximate cause of the negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of Defendant Enzor, as set forth above, Plaintiff's civil rights were violated.  Plaintiff has also suffered physical injuries and damages, including, but not limited to, medical and other expenses, mental anguish, emotional distress, humiliation, deprivation of his freedom, and attorney's fees.

26.     Plaintiff is entitled to a judgment against Defendant South Carolina Department of Public Safety for compensatory damages in an amount to be determined by a jury.

### FOR A THIRD CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress/Outrage
#### as to Defendant South Carolina Department of Public Safety)

27.     Plaintiff re-alleges paragraphs 1-26 as if stated herein verbatim.

28.     By and through the conduct alleged above, Defendant Enzor intentionally and/or recklessly inflicted severe emotional distress on the Plaintiff or was certain or substantially certain that such distress would result from his conduct.

29.     Defendant Enzor's conduct was so extreme and outrageous that it exceeds all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

30. The actions of Defendant Enzor caused the Plaintiff emotional distress and the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

31. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

32. As a direct and proximate result of the outrageous conduct of the Defendant, Plaintiff's civil rights were violated. Plaintiff has suffered physical injuries and damages, including but not limited to, medical and other expenses, mental anguish, emotional distress, humiliation, deprivation of freedom, and attorney's fees.

33. Plaintiff is entitled to a judgment against Defendant South Carolina Department of Public Safety for compensatory damages in an amount to be determined by a jury.

## FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution as to Defendant South Carolina Department of Public)

34. Plaintiff re-alleges paragraphs 1-33 as if restated herein verbatim.

35. Defendant Enzor maliciously instituted and continued criminal proceedings against the Plaintiff without probable cause.

36. The criminal proceedings were terminated in Plaintiff's favor and under circumstances consistent or implicit with his innocence.

37. Defendant was malicious in instituting and continuing such criminal proceedings against Plaintiff.

38. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as

Defendant Enzor's conduct was committed during and in the course and scope of his

employment and official duties with Defendant South Carolina Department of Public Safety.

39.     As a direct and proximate result of the malicious prosecution of the Plaintiff by

Defendant Enzor, Plaintiff's civil rights were violated, and he has suffered physical injuries and

damages, including, but not limited to, mental anguish, emotional distress, humiliation, medical

and other expenses, deprivation of freedom and attorney's fees.

40.     Plaintiff is entitled to a judgment against Defendant South Carolina Department of Public

Safety for compensatory damages in an amount to be determined by a jury.

### FOR A FIFTH CAUSE OF ACTION
### (False Imprisonment as to Defendant South Carolina Department of Public Safety)

41.     Plaintiff re-alleges paragraphs 1-40 as if restated herein verbatim.

42.     Based on an unlawful arrest, Plaintiff was restrained and detained by Defendant and

deprived of his personal liberty, all without probable cause.

43.     Defendant Enzor continued to unlawfully restrain and detain Plaintiff by failing to

property remit arrest information and bond paperwork to the Florence County Detention Center

in a timely manner, thus delaying Plaintiff's release from imprisonment.

44.     This restraint was intentional and unlawful.

45.     Defendant South Carolina Department of Public Safety is vicariously liable pursuant to

the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as

Defendant Enzor's conduct was committed during and in the course and scope of his

employment and official duties with Defendant South Carolina Department of Public Safety.

46.     As a direct and proximate result of Defendant Enzor's action, Plaintiff's civil rights were

violated and he has suffered physical injuries and damages, including, but not limited to, mental

anguish, emotional distress, humiliation, medical and other expenses, deprivation of freedom, and attorney's fees.

47.     Plaintiff is entitled to a judgment against Defendant South Carolina Department of Public Safety for compensatory damages in an amount to be determined by the trier of fact.

### FOR A SIXTH CAUSE OF ACTION
### (Negligent Supervision/Training as to Defendant S.C. Department of Public Safety)

48.     Plaintiff re-alleges paragraphs 1-47 as if restated herein verbatim.

49.     As an agency of the State of South Carolina and Defendant Enzor's employer, Defendant, Department of Public Safety has a duty of care to Plaintiff and the general public to adequately and sufficiently train and supervise its law enforcement employees in the proper and constitutional methods of law enforcement.

50.     At all times relevant herein, Defendant Enzor acted in his capacity as a South Carolina Highway Patrolman, under the control of Defendant, Department of Public Safety, and was using the property of Defendant, Department of Public Safety, in his unlawful arrest of Plaintiff.

51.     As Defendant Enzor's employer, Department of Public Safety, had the ability to control Enzor's conduct and knew or should have known of the necessity and opportunity for exercising control over Enzor's conduct.

52.     Defendant, Department of Public Safety, either: 1) knew or should have known of the unfitness of its agent or employee, Defendant Enzor, and yet employed him or continued to employ him, failed to adequately train or supervise him regarding the proper and constitutional methods of law enforcement and/or used his services without proper instruction with a reckless disregard of the rights of the Plaintiff; 2) authorized the wrongful conduct of Defendant Enzor; or 3) ratified the wrongful conduct of Defendant Enzor; and said wrongful acts of Defendant Enzor were calculated to and did benefit the Defendant, Department of Public Safety.

53.    As a direct and proximate cause of the above mentioned carelessness and/or negligence of Defendant, Department of Public Safety, Plaintiff's civil rights have been violated, and he has suffered significant physical injuries and damages, including, but not limited to, mental anguish, emotional distress, humiliation, substantial medical and other expenses, deprivation of freedom, and attorney's fees.

54.    Plaintiff is entitled to a judgment against Defendant Department of Public Safety for compensatory damages in an amount to be determined by a jury.

**WHEREFORE,** The Plaintiff prays for actual, compensatory, punitive damages against the Defendants for the acts and omissions alleged herein, for judgment against the Defendants, for attorney's fees, costs, and interest where allowed by law, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

James T. McBratney, Jr.
J. Thomas McBratney, III
Attorneys for the Plaintiff
MCBRATNEY LAW FIRM
P.O. Box 3890
Florence, SC 29502
T - (843) 662-8155
F – (843)-662-1144
james@mcbratneylawfirmpa.com

Florence, South Carolina
April __, 2013