IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jerome C. Newkirk,                              )
                                                )
                Plaintiffs,                     )    C.A. No. 4:13-cv-01634-RMG
                                                )
v.                                              )
                                                )    **ORDER**
James B. Enzor, individually and as an          )
officer of the South Carolina Highway           )
Patrol and the South Carolina Department        )
of Public Safety,                               )
                                                )
                Defendants.                     )
                                                )

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, alleging that Defendants, an officer of the South Carolina Highway Patrol and the South Carolina Department of Public Safety are liable for constitutional violations and certain torts during a traffic stop on October 14, 2012. Defendants each filed a Motion for Summary Judgment on November 25, 2014 (Dkt. No. 64) and December 1, 2014 (Dkt. No. 65). Plaintiff filed a Response to both motions on December 18, 2014 (Dkt. No. 74), and Defendants filed a Reply on January 5, 2015 (Dkt. No. 75). The case is now before this Court on the Report and Recommendation ("R&R") of the Magistrate Judge, submitted April 8, 2015 (Dkt. No. 80), which recommends that Defendant Enzor's Motion for Summary Judgment (Dkt. No. 64) be granted in part and denied in part, and that Defendant South Carolina Department of Public Safety ("SCDPS")'s Motion be granted (Dkt. No. 65). Defendant Enzor filed objections to the R&R on May 7, 2015 (Dkt. No 86). Plaintiff filed objections to the R&R on May 7, 2015 (Dkt. No. 86), and Defendant SCDPS filed a reply to Plaintiff's objections on May 26, 2015. For the reasons stated herein, the Court ADOPTS the R&R except as to pages 23-33 ("SCDPS's Motion for Summary Judgment"), GRANTS in part and DENIES in part the Motion for Summary

Judgment as to Defendant SCDPS, and GRANTS in part and DENIES in part the Motion for Summary Judgment as to Defendant Enzor.

## Background

The R&R ably recites the relevant facts, and it is unnecessary to review the details of the complaint, depositions, and arrest reports that constitute the factual record to this point. In brief, Plaintiff was a passenger in a car driven by his wife, Catherine Newkirk, on Interstate 95, when Ms. Newkirk was pulled over by Defendant Enzor for exceeding the speed limit in a work zone. After disputing the ticket and arguing that she had been pulled over because of racial discrimination, not speeding, Ms. Newkirk was removed to the side of the road and arrested. Mr. Newkirk, who remained in or just to the side of the Newkirks' vehicle while speaking to his wife and the officer, was also arrested by Enzor. Much of the encounter was captured visually by Enzor's dash cam, although the sound quality is poor and statements by the parties are difficult to hear. (Dkt. Nos. 64-2; 64-3; 64-4). Both of the Newkirks filed suit against Enzor and SCDPS, and both cases were removed to this Court by Defendants. (*See* Dkt. No. 1; Civil Action No. 4:13-cv-1635). Both complaints allege that both Defendants are liable for violation of the Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983. Mr. Newkirk also brought five claims against SCDPS, arguing that SCDPS is vicariously liable for negligence, gross negligence, and recklessness; intentional infliction of emotional distress; malicious prosecution; false imprisonment; and directly liable for negligent supervision and training of Enzor. As the intentional infliction of emotional distress claim was voluntarily dismissed in the summary judgment pleadings, the R&R addressed the constitutional allegations against Enzor and the four remaining tort claims against SCDPS.

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## B. Discussion

The Court has carefully reviewed the R&R, the full administrative record in this matter, and the relevant authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that Defendants' Motion for Summary Judgment be denied as to the claim against Defendant Enzor and granted as to one of the claims against SCDPS. Defendant Enzor and Plaintiff have both filed objections to the R&R arguing that the Magistrate Judge's erred; Defendant SCDPS filed a reply to Plaintiff's objections.

1. Claims Against Defendant Enzor

As an initial matter, Enzor's objections "incorporate[] by reference all of the arguments raised and legal authority cited in Defendant Eznor's Memorandum in Support of Motion for Summary Judgment (ECF 64-1) into this response." (Dkt. No. 86 at 2). To the extent Defendant fails to point to a specific error in the R&R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's

4

proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)). Finding no clear error in the Magistrate Judge's probable cause analysis, the Court therefore adopts the R&R on that issue without further comment. The Court also adopts the Magistrate Judge's reasoning as to Enzor's Eleventh Amendment immunity from suit against him in his official capacity.

Enzor's objections focus on the issue of qualified immunity, which is available where a reasonable officer could have believed that arresting the plaintiff was lawful in light of clearly established law and the information the officers possessed. *Anderson v. Creighton*, 483 U.S. 635 (1987). Specifically, his position is that although in general the right to be free of unconstitutional arrest is well established, the "circumstances of the particular case" and the "specific context" should guide the Court in determining whether qualified immunity is applicable. (Dkt. No. 86 at 2-3). However, Defendant's argument (that Plaintiff "interjected himself" in the arrest and that Enzor was "forced . . . to divert his attention away from the individual he was attempting to place into custody and the nearby interstate traffic") is too fact-bound to be resolved on a motion for summary judgment.

The Court is not prepared to find that there is no dispute of the material facts as to whether Plaintiff's actions and words provided probable cause sufficient to render the arrest constitutional. Nor is Enzor entitled to summary judgment based on qualified immunity. This is because "[d]isputed facts are treated no differently in this portion of the qualified immunity analysis than in any other context." *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 180 (4th Cir. 1998) (citing *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995) and *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)). Accordingly, "summary judgment on qualified immunity

grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." *Id.*

2. Claims Against SCDPS

Plaintiff has, upon further review of the R&R, agreed to drop his negligent training/supervision claims. (Dkt. No. 87 at 3). However, he disputes the R&R's findings on the remaining tort claims: negligence/gross negligence/recklessness, malicious prosecution, and false imprisonment. The Court agrees with Plaintiff that Defendant SCDPS is not entitled to Eleventh Amendment immunity as a matter of law and that these claims may proceed.

The state of South Carolina has waived its Eleventh Amendment right to sovereign immunity against tort claims, and therefore allows suit against itself and its agencies, rather than against employees, pursuant to the South Carolina Tort Claims Act ("SCTCA," S.C. Code Ann. § 15-78-20 et seq.). The SCTCA was passed in 1986 in order to implement the South Carolina Supreme Court's 1985 decision, *McCall by Andrews v. Batson*, 285 S.C. 243, which abolished the doctrine of doctrine of complete sovereign immunity. However, Section 15-78-60 of the SCTCA states that a "governmental entity is not liable for a loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." Defendant SCDPS contends that because gross negligence, recklessness, malicious prosecution, and false imprisonment are all traditionally considered "intentional torts," and because Plaintiff's position is that Defendant Enzor "is a racist, and his actions from the very beginning of the encounter were intentional and based on malice," that the listed tort claims are forestalled by the § 15-78-60.

SCDP's view attempts to shoehorn traditional notions of "intent" into an exemption that discusses "actual fraud, actual malice, intent to harm, or . . . moral turpitude." These statutory

6

phrases are terms of art clearly intended to apply to specific situations where an employee's behavior is so wildly beyond what could have been anticipated or managed by his or her employer that the state cannot reasonably be held responsible for it. *Elder v. Gaffney Ledger*, 341 S.C. 108, 117 (2000) ("As noted by the United States Supreme Court, the actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term. *Harte-Hanks, supra,* 491 U.S. at 666, 109 S. Ct. at 2685, n. 7."); *McBride v. School District of Greenville County*, 389 S.C. 546 (Ct. App. 2010) (finding that malicious prosecution tort claim was not blocked by § 15-78-60 because "actual malice" is not an element of malicious prosecution). Similarly, an intentional action sufficient to support an intentional tort claim is not necessarily coterminous with the "intent to harm" exemption found in the SCTCA.

The governmental entity claiming an exception to the waiver of immunity under the Tort Claims Act has the burden of establishing any limitation on liability. *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 324 (2002). At this point, SCDPS has failed to do so, and these claims are inappropriate for disposition on a Rule 56 motion. CDPS also argues that, based on Plaintiff's testimony, Enzor's "actions were outrageous, far outside any reasonable conception of 'scope of duty or employment.'" (Dkt. No. 89 at 10). This may be so, but because Defendants dispute that characterization, determining the actual nature of Enzor's actions would be premature at this stage, and there remains a genuine issue of material fact to be determined by a jury.[1] The federal rules' liberal pleading requirements allow a plaintiff to plead alternative theories of relief, even if these theories are inconsistent with one another. Fed. R. Civ. P. 8(d)(3)

---

[1] The fact that Plaintiff stated in deposition that he did not believe Defendant Enzor's actions were "part of his job" is irrelevant to this analysis. (*See* Dkt. No. 89 at 14). Plaintiff is neither a jury nor a judge and his testimony goes to the factual development of the case, not to mixed questions of fact and law. *E.g. Miller v. City of Camden*, 329 S.C. 310, 314 (1997) (Where there are factual issues regarding a defendant's role as a volunteer, the existence of a duty becomes a mixed question of law and fact to be resolved by the fact-finder) (collecting cases).

7

("A party may state as many separate claims or defenses as it has, regardless of consistency."). Therefore, although a jury may only be able to find for Plaintiff on his constitutional claims *or* on one or more of his tort claims, none of them are appropriate for resolution pursuant to Rule 56.

SCDPS also argues that because Enzor's alleged behavior is intentional and wrongful, it is "outside the scope of employment." (Dkt. No. 89 at 18-12). Of course, any type of misconduct is, in the most philosophical sense, always outside the "scope of employment," in that a government employee would never been employed for the purpose of undertaking illegal actions. Sweeping with so broad a brush, however, the § 15-78-60 exception would consume the rule, and specifying the exceptions for actual malice, fraud, and moral turpitude would be unnecessary if *any* intentional action by an employee shielded the government from liability. The SCTCA specifies that "[l]iability for acts or omissions under this chapter is based upon the traditional tort concepts of duty and the reasonably prudent person's standard of care in the performance of that duty." S.C. Code. Ann. § 15-78-20. Applying traditional tort concepts to the three claims in dispute, as well as South Carolina caselaw interpreting the exception provision of the SCTCA, Plaintiff's claims are not precluded as a matter of law.

## Conclusion

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court **ADOPTS** the R&R except as to pages 23-33 ("SCDPS's Motion for Summary Judgment"), **DENIES** in part and **GRANTS** in part the Motion for Summary Judgment as to Defendant Enzor (Dkt. No. 64), and **DENIES** in part and **GRANTS** in part the Motion for Summary Judgment as to Defendant SCDPS. (Dkt. No. 65).

8

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June _19_, 2015
Charleston, South Carolina

9